### F. H. Dannewitz, Appellant, v. George S. Miller, Appellee.

### Gen. No. 5,668.

1. BROKERS—*commission.* Plaintiff was authorized to sell a farm in three days, and three days after such period defendant traded the farm for another farm and cash on substantially the same terms as had been conditionally agreed upon by the parties previously to plaintiff's becoming interested and suggesting such trade. *Held,* that the jury finding from the preponderance of the evidence that

the trade was made without plaintiff's assistance, he is not entitled to recover commission.

2. EVIDENCE—*of wife competent as husband's agent.* Where defendant's wife has acted as his agent in his important business transactions for several years, owing to his feeble health and defective mental capacity, and he expressly directed plaintiff to make the contract in suit with her, she is a competent witness as his agent.

Appeal from the County Court of La Salle county; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

L. B. OLMSTEAD, for appellant.

BUTTERS & ARMSTRONG, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

This is a suit by a real estate agent against the same defendant as in No. 5,666, Mason v. Miller, *post,* ——, to recover commissions for procuring a purchaser for the same farm as in said case of Mason v. Miller. The jury returned a verdict for defendant, on which he had judgment, and plaintiff appeals.

Appellee owned a farm of 292 acres in La Salle county. He had purchased land in Virginia and intended to remove there, and desired to sell the farm in La Salle county, and authorized appellant to sell it for him, and agreed to pay him one dollar per acre if he sold it, and gave appellant three days in which to sell the farm. Three days after that time expired, appellee and E. H. Wirtz, who owned a farm of 160 acres in La Salle county, made a trade, by which Miller took the Wirtz farm and Wirtz took the Miller farm and Wirtz paid Miller $10,300 and conveyed to Miller an interest in a corn shredder. Appellant contends that he arranged this trade and is entitled to commissions accordingly. The preponderance of the evidence appears to be that Miller and Wirtz had discussed a trade of these farms before anything was said

to appellant about procuring a purchaser. Miller desired to be entirely rid of any land holdings in Illinois before going to Virginia. If Wirtz could sell his farm to some one else, then he could buy the Miller farm and wished to do so, and before appellant became interested in the matter Miller and Wirtz had agreed that if Wirtz could not find a purchaser for his farm, then they would trade farms substantially on the terms which were afterwards carried out. The preponderance of the evidence is that when appellant found that he was not likely to find a purchaser for the Wirtz farm and therefore would not be able to sell the Miller farm to Wirtz, he proposed this trade, but the parties at once informed him that they had already been arranging a trade if the sale could not be accomplished, and that they did not desire his assistance if the sale of the Wirtz farm fell through, and if they therefore made a trade. The preponderance of the evidence seems to be that after the three days given to appellant had passed, Miller and Wirtz arranged the trade in the farms without the assistance of appellant. If the jury so found appellant was not entitled to commissions.

The wife of appellee was permitted to testify for him, over appellant's objections, and it is urged that this was error. There was proof that appellee was in feeble health and had been ever since a serious illness some years before; that he was hard of hearing; that his mental capacity for conducting negotiations was somewhat defective; that his wife had acted as his agent for several years in every important business transaction; and that appellee expressly directed appellant to talk with his wife, and that it was with the wife that he made the contract upon which he now sues. Much of this evidence came from appellant. We are satisfied that she was a competent witness as the agent of her husband.

It is contended that the court erred in refusing instruction No. 27, requested by appellant and in giv-

ing instruction No. 18 requested by appellee. No. 27 ignored certain elements of the defense and No. 18 was we think the law as applied to the evidence in this particular case, and the jury were otherwise fully and sufficiently instructed.

The judgment is therefore affirmed.

*Affirmed.*